UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERSEL WAYNE CASTO, II., | No. 2:19-cv-02312-TLN-KJN |
| Plaintiff, | |
| v. | **ORDER** |
| GAVIN NEWSOM, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 8, 2020, the magistrate judge filed findings and recommendations herein which were served on Plaintiff and which contained notice to Plaintiff that any objections to the findings and recommendations were to be filed within fourteen days. (ECF No. 11.) Plaintiff filed objections to the findings and recommendations. (ECF No. 14.)

In his objections, Plaintiff clarifies that he is pursuing a whistleblower complaint in Case No. 12019-1462, currently under investigation by the California Bureau of State Audits. Plaintiff concedes that in this action — in which he challenges the conditions of his confinement under the Eighth and Fourteenth Amendments — Plaintiff relies on California Government Code § 8547, California's Whistleblower Statute, to argue that he was not required to exhaust administrative

1

1   remedies.  (ECF No. 14 at 2.)  But Plaintiff claims it was error for the magistrate judge not to
2   apply the federal Whistleblower Protection Act, which Plaintiff claims was the genesis of
3   California's Whistleblower Statute and protects "all whistleblowers."  Plaintiff further argues that
4   he was in fact a prison employee,[1] but that anyone may nonetheless file a whistleblower
5   complaint, not just government employees.  (ECF No. 14 at 3.)  Plaintiff provides no specific case
6   or statute citation, other than § 8547, to support such argument.[2]

7        Notwithstanding his objections, Plaintiff provides no persuasive or binding legal authority
8   for his view that he is exempt from the Prison Litigation Reform Act ("PLRA") requirement that
9   he exhaust administrative remedies prior to raising conditions of confinement claims.  42 U.S.C.
10  § 1997e(a).  Such Congressional mandate has been reinforced by the United States Supreme
11  Court on multiple occasions.  *Ross v. Blake*, 136 S. Ct. 1850 (2016) (holding that an inmate "must
12  exhaust available remedies, but need not exhaust unavailable ones"); *Albino v. Baca*, 747 F.3d
13  1162, 1171 (9th Cir. 2014) ("The PLRA mandates that inmates exhaust all available
14  administrative remedies before filing 'any suit challenging prison conditions,' including, but not
15  limited to, suits under § 1983," quoting *Woodford v. Ngo*, 548 U.S. 81, 85  (2006)).

16       In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this

---

[1]     Plaintiff claims that at the time of the incident he was employed by California Prison Industry Authority Fabrics.  (ECF No. 14 at 3.)  However, as a prisoner who was "obligated to work at some job pursuant to a prison work program" under state law, *see* Cal. Penal Code § 2700, Plaintiff does not have a typical employment relationship with the prison.  *See Castle v. Eurofresh, Inc.*, 731 F.3d 901, 906-08 (9th Cir. 2013) (holding that an Arizona inmate was not an employee of a prison contractor under the Americans with Disabilities Act ("ADA") because "his labor belongs to the State of Arizona, which put him to work" in order to comply with a state statute requiring all able-bodied prisoners to work) (citing *Hale v. Arizona*, 993 F.2d 1387, 1395 (9th Cir. 1993) (en banc) (holding that inmates working for a prison, in a program structured by the prison pursuant to state law requiring prisoners to work, are not "employees" of the prison within the meaning of the Fair Labor Standards Act) and *Coupar v. U.S. Dep't of Labor*, 105 F.3d 1263, 1266 (9th Cir. 1997) (holding that because a federal prisoner's job fulfilled a prison work requirement, he was not an "employee" who could enforce the "whistleblower protection provisions" of the Clean Air Act and the Toxic Substances Control Act)).

[2]     Plaintiff cites 42 U.S.C. § 1915(g) and *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007).  However, such authorities do not apply in this context because Plaintiff has not been found to be three-strikes barred under § 1915(g) by filing three or more actions or appeals that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim.

Court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed April 8, 2020 (ECF No. 11), are ADOPTED IN FULL;

2. This action is DISMISSED without prejudice.

IT IS SO ORDERED.

DATED: June 15, 2020

Troy L. Nunley
United States District Judge

3